**Raymond REBIDEAU,
Plaintiff-Appellant,**

v.

**R. Kent STONEMAN, Individually and in his official capacity as Commissioner of Corrections for the State of Vermont, Defendant-Appellee.**

**No. 562, Docket 76–2148.**

United States Court of Appeals, Second Circuit.

Argued Jan. 10, 1978.

Decided Feb. 23, 1978.

David W. Curtis, Montpelier, Vt., Defender, Correctional Facilities of the State of Vt., for plaintiff-appellant.

Peter B. Brittin, Asst. Atty. Gen., Montpelier, Vt. (Robert L. Orleck, Asst. Atty. Gen., Dept. of Corrections, Montpelier, Vt., on the brief), for defendant-appellee.

Before FRIENDLY and VAN GRAAFEILAND, Circuit Judges, and DOOLING, District Judge.*

PER CURIAM:

Plaintiff, a prisoner of the State of Vermont, appeals from an order granting summary judgment in favor of defendant, the Vermont Commissioner of Corrections. Plaintiff's action challenged on numerous grounds the Commissioner's decision to transfer him to an out-of-state prison. He contends on appeal that the Commissioner's decision was neither supported by evidence nor accompanied by a statement of reasons.

In late December, 1974, the Commissioner announced that Windsor Prison, Vermont's only maximum security prison, would be closed for financial reasons. Some of Windsor's inmates would be transferred to prisons outside Vermont, while the others would be transferred to less secure facilities within the state.

He arranged for out-of-state placement of prisoners requiring tight security and long-term custody and treatment by contracting to place up to forty of them in the federal prison system, pursuant to 28 V.S.A. § 706(a):

---

* Honorable John F. Dooling, Senior United States District Judge, Eastern District of New York, sitting by designation.

The commissioner may enter into and execute a contract or contracts with the United States for the transfer of any inmate from any facility to a federal correctional facility when, in his opinion, the inmate needs particular treatment or special facilities available at the federal correctional facility; or, all in-state treatment and rehabilitative programs available for the inmate have been considered and found unsuitable; or, all in-state security and custody alternatives for the inmate have been considered and found unsuitable; or, the inmate voluntarily requests transfer.

He also promulgated Policy No. 891 which set forth the procedure for determining which inmates would be transferred out-of-state. Policy No. 891 provides for a transfer hearing, with a subsequent recommendation by the hearing officer to the Commissioner.

On March 5, 1976, plaintiff received written notice that the Commissioner proposed to transfer him out-of-state. A hearing on this proposal was held on March 15, presided over by the Department of Corrections hearing officer. Rebideau was represented by lay counsel, testified in his own behalf and presented documentary evidence. His evidence tended to show that he was not a security risk and that the treatment programs available in Vermont were suitable for him. The Department of Corrections presented evidence, however, that he was a security risk and that, therefore, the programs in Vermont were unsuitable. Specifically, the Department established that on December 31, 1974, Rebideau was convicted on charges that earlier in 1974 he had attempted escape and concealed a deadly weapon. The Department also established that Rebideau was serving a life sentence for first degree murder and had convictions for being AWOL, deserting from military service and three offenses of breaking and entering. He was also suspected of trafficking in and using narcotics before his current jail term and had a history of alcoholism.

The hearing officer recommended that Rebideau remain in Vermont. On April 12, 1976, the Program Coordinator transmitted the hearing officer's recommendation to the Commissioner along with his own contrary recommendation that Rebideau be transferred. The primary reason given by the Program Coordinator was that Vermont had no treatment program suitable for an individual like Rebideau, who might be incarcerated for the rest of his life. On April 26, 1976, the Commissioner made the following endorsement on the Program Coordinator's report:

I have carefully reviewed this case. It is my considered judgment that suitable programs are not available in Vermont. A Transfer order will be issued.

Assuming that petitioner was constitutionally entitled to have Vermont follow its established procedures and that these included a statement of reasons by the Commissioner, despite *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), and *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976), we hold that the evidence introduced at the hearing was sufficient to support the Commissioner's decision and that the Commissioner's endorsement of the Program Coordinator's recommendation was an adequate statement of reasons.

The order of the district court is affirmed.